GREAT LAKES CONCRETE POLE CORPORATION v EASH

Docket No. 82180. Submitted August 13, 1985, at Lansing.—Decided February 3, 1986.

> Great Lakes Concrete Pole Corporation and Paul J. Goode brought an action in Oakland Circuit Court against R. Douglas Eash and others, all employees of Dow Chemical Company, and Dow Chemical Company, alleging that Dow had marketed a concrete additive knowing that it caused a chemical reaction which caused the immediate deterioration of any steel reinforcing rods used in the concrete and that, as a result of the use of the additive, the concrete poles manufactured by Great Lakes were defective and resulted in product defect claims which eventually led to bankruptcy by Great Lakes. With their complaint, plaintiffs served interrogatories and document requests for all correspondence, communications, memoranda or test reports relating to the alleged corrosion problem caused by the Dow additive or which related to Dow's investigation of plaintiff's claim. Dow produced documents which had been produced prior to October 1, 1980, the date Dow learned of plaintiff's claim, but refused to produce documents prepared after that date on the basis that they were either privileged work product or protected from disclosure by the attorney-client privilege. Dow submitted the contested documents to the court for the court's *in camera* inspection. The trial court, Gene Schnelz, J., after poring over about 20% of the documents, decided that without taking the time to become an expert in the field he would not be able to determine which documents might be deemed to be absolutely necessary to plaintiffs and thus discoverable. Accordingly, the trial court concluded that plaintiff's counsel should be allowed to inspect the documents in the

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 50-67.

Am Jur 2d, Pretrial Conference and Procedure § 16.

Exclusion of evidence in state criminal action for failure of prosecution to comply with discovery requirements as to physical or documentary evidence or the like-modern cases. 27 ALR4th 105.

Work product privilege as applying to material prepared for terminated litigation or for claim which did not result in litigation. 27 ALR4th 568.

court's chambers so that counsel could argue which documents should be produced. The court further held that those documents whose production was not ordered could not be used by plaintiffs for any purpose. Defendants sought leave to appeal to the Court of Appeals from the trial court's interlocutory order. The Court of Appeals denied leave to appeal. Docket No. 77491, order of September 25, 1984. Defendants sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 420 Mich 851 (1984). *Held:*

1. It was error for the trial court to base its decision to allow plaintiff's *in camera* inspection in this case on the Supreme Court's holding in a case involving a request for documents under the Freedom of Information Act, since the public policy favoring full disclosure of government documents in the Freedom of Information Act cases is not applicable to the present situation involving private parties.

2. It was error for the trial court to order even limited disclosure of documents claimed to be protected from disclosure as a work product prior to a showing of a substantial need of those documents by the plaintiffs, since even the limited disclosure contemplated by the trial court would substantially chill those practices which the work product doctrine seeks to protect.

3. The trial court, before ordering any disclosure of a document found to be the work product of a defendant, must determine both that disclosure is necessitated by a substantial need by plaintiffs and that nondisclosure would result in undue hardship to plaintiffs. Even as to those documents which are ordered to be disclosed, the court shall remove those portions of the documents which disclose the subjective mental impressions, conclusions, opinions or legal theories of the defendants, their attorneys or their representatives, including other Dow employees.

Remanded.

1. PRETRIAL PROCEDURE — DISCOVERY — WORK PRODUCT — ADVERSE PARTIES — COURT RULES.

A trial court, before granting discovery of documents and tangible things prepared in anticipation of litigation or for trial, must find that the party seeking discovery has a substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means; accordingly, it is error for a trial court to permit an *in camera* inspection by opposing counsel of documents which are the work product of litigation

preparation prior to the court's determination of substantial need and undue hardship (MCR 2.302[B][3][a]).

2. PRETRIAL PROCEDURE — DISCOVERY — WORK PRODUCT — ADVERSE PARTIES — COURT RULES.

A trial court, when granting discovery of an opposing party's work product because of the adverse party's substantial need and the undue hardship the lack of such discovery would cause, must protect from disclosure any mental impressions, conclusions, opinions or legal theories of the party's attorney or other representative of the party concerning the litigation; accordingly, the trial court before granting disclosure must remove from any discoverable work product documents those portions of the documents which disclose the subjective mental impressions, conclusions, opinions or legal theories of the party against whom discovery is being sought or of that party's attorneys, representatives or employees (MCR 2.302[B][3][a]).

*Beier, Howlett, Hayward, McConnell, McCann, Jones, Kingsepp & Shea* (by *Charles J. Porter*), for plaintiffs.

*Stark & Reagan* (by *Michael H. Whiting*), and *Rivkin, Leff, Sherman & Radler* (by *Donald A. O'Brien*), for defendants.

Before: DANHOF, C.J., and V. J. BRENNAN and J. H. GILLIS, JR.,* JJ.

J. H. GILLIS, JR., J. Defendants appeal from a February 27, 1984, order of the Oakland County Circuit Court permitting plaintiffs' counsel to inspect certain documents which the court had previously ordered defendants to produce for the court's *in camera* inspection.

This Court previously denied leave to appeal. When defendants' application for rehearing was denied, defendants applied to the Supreme Court for leave to appeal. This case is now before this Court for full consideration pursuant to the Su-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

preme Court's order of remand. 420 Mich 851 (1984). The present appeal arose out of a products liability/fraud action. Plaintiffs were in the business of manufacturing concrete light poles. Among the materials used in the manufacture of plaintiffs' concrete poles was a product sold by Dow Chemical, Saran. Plaintiffs allege that, unbeknownst to them but known to defendants, this product, when mixed with fresh concrete, caused a chemical reaction causing the almost immediate deterioration of the steel reinforcing rods used in the poles. As a result, plaintiff corporation was faced with claims with respect to 1,200 defective light posts and went bankrupt.

Shortly after plaintiffs realized that they had a problem with their light poles, their attorneys contacted attorneys for defendant Dow and made preliminary inquiries concerning the problem. Dow immediately began an investigation of the claim. Among the investigators assigned to the project were the individual defendants. As part of this investigation, representatives of Dow visited the plaintiff corporation's plant on October 3, 1980, and met with representatives of plaintiff corporation in Chicago on October 30, 1980, for an on-site inspection of erected poles. On October 9, 1980, there was a meeting in Midland.

When they filed their complaint, plaintiffs served interrogatories and document requests, seeking "all correspondence, inter-office communications, memoranda and the like that relate in any way to plaintiffs' claim regarding the manufacture of concrete poles with your Saran product mixed therein", including (1) "pre and post manufacture" test reports, (2) memoranda relating to the investigation of the allegedly defective poles, (3) memoranda respecting the October 3, 1980,

investigation at the Highland, Michigan, plant, (4) memoranda concerning the meeting of the parties in Midland, and (5) memoranda regarding the on-site inspection in Chicago, including "photographs taken and the like".

Defendants produced the documents which had been created prior to October 1, 1980. Defendants refused to produce documents prepared after October 1, 1980, the date it learned of plaintiffs' claim, contending that those documents were either privileged work product or protected from disclosure by the attorney-client privilege.

Pursuant to the court's order, defendants submitted to the trial court a list of the documents requested which indicated the privilege that was claimed as to each document. The documents themselves were submitted for the court's *in camera* inspection and determination of discoverability based on the privileges claimed.

After poring over approximately 20% of the documents, the trial court admitted that, without taking the time to become an expert in the case, he could not determine which documents might be deemed "absolutely necessary", and thus discoverable work product. Reasoning by analogy to the prodedure recommended for Freedom of Information Act (FOIA) privilege claims in *Evening News Ass'n v City of Troy,* 417 Mich 481; 339 NW2d 421 (1983), the trial court concluded that plaintiffs' counsel should be permitted to inspect, in the court's chambers, the documents claimed to be work product without copying them and, after thus familiarizing themselves with the documents, to thereafter frame their claims of necessity for presentation at a hearing on the motion to produce. Should production be denied as to any document, the information could not be used for any

purpose, including cross-examination.[1] Defendants' application for leave to appeal followed immediately.

At the heart of this controversy is our court rule dealing with discovery of work product.[2] MCR 2.302(B)(3)[3] provides in pertinent part:

"(3) Trial Preparation; Materials.

"(a) Subject to the provisions of subrule (B)(4), a party may obtain discovery of documents and tangible things otherwise discoverable under subrule (B)(1) and prepared in anticipation of litigation or for trial by or for another party or another party's representative (including an attorney, consultant, surety, indemnitor, insurer, or agent) only on a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the

[1] Pursuant to the court's order, documents designated by defendants as subject to the attorney-client privilege would still be reviewed by the court *in camera.* Defendants do not dispute this procedure.

[2] The parties appear to be in agreement, and we believe that there can be no doubt, that the documents in question are work product. In 2 Martin, Dean & Webster, Michigan Court Rules Practice, p 173, the authors state:

"It is generally understood that litigation need not have actually been commenced, or threatened, before it may be stated that materials were prepared in anticipation of litigation. It is generally sufficient if the prospect of litigation is identifiable, either because of the facts of the situation or the fact that claims have already arisen. United States v Davis, 636 F.2d 1028 (5th Cir. 1981), *certiorari denied* 454 US.862; 102 S.Ct. 320; 70 L.Ed.2d 162 (1981)."

[3] Although the General Court Rules of 1963 were in effect at the time this motion to produce was considered by the trial court, the Michigan Rules of Court, effective March 1, 1985, are properly applied to the instant action. MCR 1.102. GCR 1963, 306.2, under which all proceedings below occurred, has no provision which corresponds to MCR 2.302(B)(3). Staff comment to MCR 2.302(B)(3). The new court rule contains several procedural differences. 2 Martin, Dean & Webster, Mich Court Rules Practice, pp 170, 172-173. Despite the procedural differences between the old and the new rules, a party requesting discovery of work product documents must show substantial need and undue hardship. *Peters v Gaggos,* 72 Mich App 138; 249 NW2d 327 (1976); *Powers v City of Troy,* 28 Mich App 24; 184 NW2d 340 (1970). Thus, the result we reach would be the same under either rule.

materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

Defendants claim that, absent a finding that plaintiffs have a substantial need of the material in the preparation of their case and are otherwise unable without undue hardship to obtain the substantial equivalent of the materials by other means,[4] the trial court cannot permit inspection by the plaintiffs, even in the limited manner and for the limited purpose that inspection was permitted here. On the other hand, plaintiffs claim that the trial court merely utilized a common-sense approach to assist the court in its difficult task of determining whether plaintiffs had substantial need of these documents and were otherwise unable to obtain the substantial equivalent of these documents without undue hardship.

The trial court analogized the present discovery controversy to problems faced by courts in Freedom of Information Act controversies. Relying on *Evening News Ass'n v Troy,* 417 Mich 481, 514-516; 339 NW2d 421 (1983), the court fashioned an order permitting plaintiffs' counsel to inspect *in camera* all documents claimed to be work product.

---

[4] This Court has ruled that the requirement for showing substantial need and undue hardship is satisfied where the moving party establishes that the work product cannot be otherwise obtained and that the work product would be useful to the moving party. *Peters, supra; Powers, supra,* pp 37-38. What may or may not be useful was described in *Hickman v Taylor,* 329 US 495; 67 S Ct 385; 91 L Ed 451 (1947), the first case to recognize an attorney's right to protect his work product from disclosure. The *Hickman* Court recognized as useful documents which might be admissible in evidence or give clues as to the existence or location of relevant facts, or which could be used for purposes of impeachment or corroboration, or where the documents contain statements of witnesses no longer available or who cannot be reached without difficulty. 329 US 511-512.

Thereafter, plaintiffs were to present arguments on their substantial need of individual documents.

We disapprove of this procedure in the context of common law civil litigation. The FOIA is founded on policies favoring full disclosure of governmental documents, ready access to information and the public's right to know. See *e.g.,* MCL 15.231(2); MSA 4.1801(1)(2). The work product doctrine seeks to protect an attorney's freedom to generate documents and records in order to facilitate full preparation of his case. See *Hickman v Taylor,* 329 US 495, 510-511; 67 S Ct 385; 91 L Ed 451 (1947).

In *Evening News, supra,* the Court sanctioned, as a last resort, disclosure of documents to a party's attorney prior to a decision on whether documents are exempt under the FOIA, in order to provide the trial court with the enlightenment that our adversarial system is designed to produce. The Court found that the public's right to know outweighed the harm resulting from disclosure of exempt matter to the *attorney* of a *third party* seeking disclosure.[5] In the context of the work product doctrine, disclosure of documents to an opposing party's attorneys prior to a showing of substantial need would substantially chill those practices of an attorney that the work product doctrine seeks to advance. It is the opposing party's attorney who is most able to put a party's work product to his own use. We do not doubt the integrity of counsel; we do doubt their ability to forget or mentally segregate privileged matter once it has been disclosed.[6]

---

[5] In *Evening News,* the Supreme Court premised its holding on the fact that the plaintiff, a newspaper, was "in the business of enabling all persons to have such full and complete information and [was] not a defendant seeking early discovery in a suit against it". 417 Mich 492.

[6] We are not unsympathetic to the burden placed on trial courts

Because we conclude that no inspection can be permitted prior to a determination of substantial need and undue hardship, this case is remanded to the trial court for a determination of substantial need by an undue hardship on the plaintiffs. However, that does not end the analysis.

The last sentence of MCR 2.302(B)(3)(a) provides: "In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Thus, before plaintiffs' discovery of discoverable work product commences, the trial court must remove those portions of the memoranda, correspondence, and test results disclosing the subjective mental impressions, conclusions, opinions or legal theories of defendants, their attorneys, or other representatives, including employees of defendant Dow. Test results not evidencing such subjective impressions are subject to disclosure. Where documents evidence both objective facts and subjective impressions, the court shall excise those portions of the documents which represent such subjective impressions.

The portions of the trial court's order that are inconsistent with this opinion are hereby vacated. The trial court is directed to make a specific finding of substantial need and undue hardship before allowing these documents to be discovered.

where the work product or attorney-client privilege is claimed as to volumes of documents in complex litigation. One method employed in the federal courts to alleviate this burden and assist the trial judge requires the party claiming a privilege to compile a list of documents which identifies each document by number, date, author, addressee, recipients of copies, and the general nature of the document. This facilitates adversarial input on the appropriateness of disclosure while protecting disclosure of the privileged contents. See, *e.g., Natta v Zletz,* 418 F2d 633 (CA 7, 1969); *Duplan Corp v Deering Milliken, Inc,* 397 F Supp 1146, 1158-1159 (D SC, 1974).

The trial court shall then protect against disclosure of the subjective mental impressions, conclusions, opinions or legal theories of defendants, their attorneys, or other representatives, including employees of Dow.

Accordingly, this case is remanded to the trial court for further proceedings in accordance with this opinion. We retain no jurisdiction.