**Mark W. HOHENWATER, Martin G. Crosby, Cathleen Fontana, Louis Horton, and David Jackson, Plaintiffs,**

v.

**ROBERTS PHARMACEUTICAL CORPORATION, Defendant.**

Civ. A. No. 9:93–1014–18.

United States District Court,
D. South Carolina,
Charleston Division.

Jan. 24, 1994.

514

Gedney M. Howe, III, Charleston, SC, for plaintiffs.

Thomas S. Tisdale, Jr., Charleston, SC, for defendant.

## *ORDER*

NORTON, District Judge.

This matter is before the court upon Defendant's Motion to Quash the Subpoena to Frank Husted pursuant to Fed.R.Civ.P. 45(c).[1] A hearing was held on this motion on January 21, 1994.

---

1. Fed.R.Civ.P. 45(c) states in part:
 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it ... (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies....

## I. BACKGROUND

The Plaintiffs have requested in their subpoena that Frank Husted be commanded to produce and permit inspection and copying of various documents that Mr. Husted referred to in his deposition. Frank Husted is an employee of I.V.T. Associates, a wholly owned subsidiary of Defendant.

The only document at issue is a four-page memorandum prepared by Defendant's counsel and Defendant's corporate representatives.[2] Defendant contends that the requested memorandum is not discoverable because it is protected by the attorney-client privilege and work product privilege.

In support of their right to attain a copy of the four-page memorandum, Plaintiffs assert that Defendant has "waived" any privileges, if any in fact exist, that protect it from discovery. The basis for this "waiver" argument is that Defendant provided Mr. Husted a copy of this document prior to the taking of his deposition so that he could prepare for that deposition. Plaintiffs argue that Mr. Husted is a non-party to this litigation and therefore waiver occurred by disclosing the document to him. Plaintiffs also argue that Mr. Husted, himself, referred to the content of the document in the deposition and therefore waiver occurred. Furthermore, Plaintiffs argue that they are unable to acquire the substantial equivalent of the information contained in the memorandum from any other source and therefore disclosure is mandated.

## II. ANALYSIS

This court, after an in camera review of the document, finds that both the work product privilege and the attorney-client privilege apply to the document at issue. The work product privilege is the privilege for the lawyer's preparation of his case in anticipation of litigation. The attorney-client privilege is the privilege for the client's communications to his attorney.

The document is in an issue and reply format and was made in response to litigation. The issues were framed and written by Defendant's attorneys. A reading of these issues would tend to lend knowledge as to what Defendants' counsel perceive to be the questions in this case. The answers in reply were written by representatives of Defendant in conjunction with counsel. The answers could therefore contain confidential communications, as Defendant asserts, made from the client to the attorneys.[3] A further explanation is given below.

### A. Work Product Privilege

#### 1. Rule

Fed.R.Civ.P. 26 states in part:

**(3) Trial Preparation: Materials.** Subject to the provisions of subdivision (b)(4) of this rule [concerning experts], a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other

---

**2.** Defendant contends that the memorandum was drafted by Defendant following a meeting between representatives of Defendant and their attorney, Thomas S. Tisdale, Jr. The memorandum is in an issue and reply format. Defendant contends that the issue portion was drafted from a memorandum written by Defendant's counsel, J. Matthew Dillon, to Mr. Tisdale, wherein counsel set forth what he believed to be the issues that Plaintiffs were raising in this lawsuit. The reply portion was purportedly prepared by representatives of Defendant in conjunction with both outside (Mr. Tisdale and Mr. Dillon) and in-house counsel.

**3.** As will be seen below, whether are not the communications were intended to be confidential is irrelevant since this court finds that Defendant waived any applicable attorney-client privilege.

representative of a party concerning the litigation.

Fed.R.Civ.P. 26(b)(3).

Defendant has asserted that the four-page memorandum is covered by the work product privilege since it is a document that was developed in the course of Defendant's preparation of the case, at least in part by counsel. Plaintiffs believe that the document is not protected by the work product privilege, arguing that Defendant waived any right to claim this privilege and that they have no means to acquire the substantial equivalent of the document.

### 2. Application

#### a. Waiver

■ It appears to this court that the Fourth Circuit adheres to the rule that if documents otherwise protected by the work product rule have been disclosed to others with an actual intention that an opposing party may see the documents, the party who made the disclosure should not subsequently be able to claim protection for the documents as work product. *See In re Doe*, 662 F.2d 1073, 1081 (4th Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982).

There is a difference between the application of the attorney-client privilege and the work product privilege. As stated by Wright, Miller & Marcus:

> The attorney-client privilege has its basis in the confidential nature of the communication and the reason for the privilege ceases to exist if confidentiality is destroyed by voluntary disclosure to a third person. But the purpose of the work product rule
>
> 'is not to protect the evidence from disclosure to the outside world but rather to protect it only from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering the materials.'
>
> Thus the result should be that disclosure of a document to third persons does not waive the work product immunity unless it has substantially increased the opportuni-

ties for potential adversaries to obtain the information.

8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2024 (1993 Supplement). The Fourth Circuit appears to be in agreement with the above language and has specifically stated:

> Recent decisions considering this question have focused on a concern inherent in the work product rule: that since an attorney's work is for his client's advantage, opposing counsel or adverse parties should not gain the use of that work through discovery. The attorney and client can forfeit this advantage, but their actions effecting the forfeiture or waiver must be consistent with a conscious disregard of the advantage that is otherwise protected by the work product rule. Disclosure to a person with an interest common to that of the attorney or the client normally is not inconsistent with an intent to invoke the work product doctrine's protection and would not amount to such a waiver. However, when an attorney freely and voluntarily discloses the contents of otherwise protected work product to someone **with interests adverse to his or those of the client,** knowingly increasing the possibility that an opponent will obtain and use the material, he may be deemed to have waived work product protection.

*In re Doe*, 662 F.2d at 1081. Mr. Husted is not someone with interests adverse to that of Defendant. Mr. Husted's interests appear to this court to be aligned with that of Defendant. Thus, under *In re Doe*, a case cited by Plaintiffs themselves, this court finds that no waiver of the work product privilege occurred by the release of the memorandum to Mr. Husted.

■ Furthermore, this court finds that Defendant did not waive any work product privilege as to the document by Mr. Husted limitedly referring to it in his deposition. *See infra* Section A.2.b. (entitled "Substantial Need") (below).

#### b. Substantial Need

■ A document covered by the work product privilege is discoverable "only upon a showing that the party seeking discovery has

substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). Plaintiffs should be able to depose all persons who participated in the preparation of the four-page memorandum. Plaintiffs can ask these persons questions about the contents of the memorandum and the witnesses can answer, even though the memorandum itself is not discoverable. *See, e.g., Miles v. Bell Helicopter Co.,* 385 F.Supp. 1029, 1032 (N.D.Ga. 1974) (party denied documents covered by work product privilege where she could obtain the substantial equivalent of the reports by taking the depositions of the employees who prepared the reports).

### B. Attorney–Client Privilege

 Defendant has also asserted that the four-page memorandum is protected from discovery by the attorney-client privilege. Plaintiffs argue that Defendant waived this privilege by revealing the content of the document to Mr. Husted. This court agrees that Defendant waived the right to claim protection for any confidential communications which occurred for the preparation of this document. Mr. Husted is not a direct employee of Defendant.[4] The attorney-client privilege belongs to the client. Mr. Husted cannot claim the privilege; only Defendant can. When Defendant revealed the document to Mr. Husted, it revealed the substance of its communications underlying the making of this document to an individual not a party (or client) in this litigation.[5]

Based on the above findings, this court concludes that the attorney-client privilege as to communications between Defendant's representatives and its attorneys relating to the four-page memorandum has been waived. Therefore, Plaintiffs can ask Defendant's witnesses/representatives about the contents of the document during depositions and these persons will not be cloaked with protection of the attorney-client privilege. The document itself, however, remains to be protected by the work product privilege.

### III. CONCLUSION

This court grants Defendant's Motion to Quash. If, however, Plaintiffs are unable to attain the necessary information underlying the four-page memorandum, then this court will re-visit the issue upon Plaintiffs' request pursuant to the "substantial need" exception to the work product privilege.[6]

It is therefore,

**ORDERED,** that Defendant's Motion to Quash be **GRANTED.**

**AND IT IS SO ORDERED.**

---

4. This court finds that Mr. Husted is not a party to this litigation, nor is he employed by a party. This rationale is based on the reasoning behind the "control group" test. The "control group" test is used to determine whether an employee of a corporation is a "client" for purposes of the attorney-client privilege. The test requires that for the communicant to be considered a "client," the communicant must be in a position to control or to take a substantial part in a decision about an action to be taken on the advice of the lawyer, or that the communicant be a member of the group having such authority. *See Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock Co.,* 68 F.R.D. 397, 400–01 (E.D.Va.1975). Mr. Husted is clearly not within the ambit of a "control group" of Defendant.

5. Even if this court were to consider Mr. Husted an "employee" of Defendant and "client" for purposes of the attorney-client privilege, this court finds that Mr. Husted himself waived any attorney-client privilege. Mr. Husted has already testified in his deposition to limited portions of the "reply" sections of the document at issue. This would waive the entire attorney-client privilege to these communications.

6. This court notes that in any order allowing discovery of the four-page memorandum, "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *See* Fed. R.Civ.P. 26(b)(3).