# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Christopher Ryan

   v.

Circle Land Trust

June 10, 1999

Case No. 98-76

BY JUDGE EDWARD L. HOGSHIRE

In this personal injury action, Plaintiff has filed a motion to compel production of evidence. For the reasons more fully articulated below, the Court denies the motion.

### Facts

Defendant filed suit against Plaintiff on March 14, 1997, for back rent and costs. Plaintiff filed a counterclaim on March 25, 1997, for injuries sustained from a fall allegedly due to the Defendant's negligence in repairing a staircase. The General District Court severed Plaintiff's counterclaim on April 4, 1997, and Defendant submitted the counterclaim to its insurer, Erie Insurance Exchange, on April 18th. Plaintiff nonsuited his counterclaim on or about April 18th. Thereafter, Erie interviewed Althea Hurt, Benjamin Waring, and Liz Richardson on August 28, 1997, January 27, 1998, and May 27, 1998, respectively. These statements were later transcribed. After refiling his suit, Plaintiff deposed Waring and Hurt on February 8, 1999, at which time both deponents were asked about their statements to Erie. Plaintiff has brought this motion to compel production of either the recorded interviews or accurate transcriptions thereof. Defendant objects to the production of these statements under the work product doctrine.

*Question Presented*

Are the statements of Althea Hurt and Benjamin Waring protected from discovery by the work product doctrine?

*Discussion*

Rule 4:1(b)(3) provides that documents "prepared in anticipation of litigation or for trial ... by or for that other party's representative" are immune from discovery unless the party attempting to obtain such documents "has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." The Plaintiff has not argued in his brief that the statements in question were not "prepared in anticipation of litigation or for trial." Defendant maintains, and Plaintiff does not dispute, that Plaintiff had "indicated his penchant for litigation arising from his fall ... ." Defendant's Memorandum at 2. The Court therefore concludes that the statements were recorded in anticipation of litigation for the purposes of the work product doctrine. The questions remaining are whether the Plaintiff has substantial need of the statements, and if not, whether the Defendant has waived the privilege.

A. *Substantial Need*

In order to compel production of documents created in anticipation of litigation, Plaintiff must demonstrate a substantial need of the documents. "Where both parties have an equal opportunity to investigate, and where all the witnesses to the accident are known and available to both sides, discovery should not be granted." *Rakes v. Fulcher*, 210 Va. 542, 547, 172 S.E.2d 751, 756 (1970). Plaintiff deposed Hurt and Waring on February 8, 1999. At this deposition, Plaintiff had the opportunity to ask the witnesses about their statements to the insurer. Plaintiff appears to have abandoned his attempt to obtain the statements of Liz Richardson, but if he has not, he has her name, address, and telephone number, and he is free to depose her. Because Plaintiff can depose the witnesses who made the statements, Plaintiff does not have a substantial need for the original statements themselves.

The Court further rejects Plaintiff's argument that Rule 4:1(b)(3) requires the production of previous statements by a party without a further showing of substantial need. The language in question is as follows:

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by *that party*. [Emphasis added.]

Plaintiff maintains that because Althea Hurt is the sole beneficiary of Circle Land Trust, she is a party to the action so that Defendant is entitled to her statements. Conversely, the rule says that a party may obtain any statement made by *that party*. Plaintiff is not trying to obtain a statement that *he* made, but rather a statement that *the other party* made. Thus, this particular language does not help Plaintiff's case, and he must still make the required showing of substantial need to overcome the work product doctrine.

## B. *Waiver*

Plaintiff contends that the statements made by the witnesses at the February 4th deposition concerning the earlier recorded interviews constituted a waiver of the work product doctrine. These statements were indeed disclosures to the adverse party's counsel. However, this Court disagrees with Plaintiff's statement that *Hohenwater v. Roberts Pharmaceutical Corp.*, 152 F.R.D. 513 (D. S.C. 1994), does not support the Defendant's position. The court in *Hohenwater* expressly stated, "this court finds that Defendant did not waive any work product privilege as to the document by Mr. Husted limitedly referring to it in his deposition." 152 F.R.D. at 516. This fits with *Ring v. Commercial Union Ins. Co.*, 159 F.R.D. 653, 659 (M.D. N.C. 1995), in which the court held that although the plaintiff was not entitled to the actual documents protected by work product, the *facts* contained in the documents were not protected, and the plaintiff was free to depose any witnesses involved in making the documents concerning those facts. This Court holds that the witness testimony at the February 8th deposition concerning the earlier interviews did not constitute waiver of the work product doctrine.

## Conclusion

For the reasons stated above, this Court concludes that Plaintiff's motion to compel should be denied.