Charmaine STAMPLEY,
Plaintiff–Appellant,

v.

STATE FARM FIRE & CASUALTY COMPANY, a foreign insurance company, Defendant–Appellee.

No. 00–1540.

United States Court of Appeals, Sixth Circuit.

Nov. 20, 2001.

Before KEITH, SUHRHEINRICH, and CLAY, Circuit Judges.

PER CURIAM.

Plaintiff Charmaine Stampley appeals the jury verdict of no cause of action and the post judgment motion for new trial or to alter or amend the judgment for Defendant State Farm Fire and Casualty Company ("State Farm") on her claim for benefits under her fire insurance policy with State Farm.

On July 4, 1995, around 11:45 p.m., Plaintiff's house burned while she was at work and her son was at his grandparent's house. Plaintiff immediately filed an insurance claim with State Farm for the house and contents. The Detroit Fire Department prepared a Fire Incident Report indicating that the fire was "suspicious." On July 11, 1995, State Farm referred the claim to its Special Investigation Unit because the fire was "suspicious." State Farm also retained private fire investigator Jeffrey Sly of Harris Investigations, to investigate the origin and cause of the fire. On July 28, 1995, State Farm retained the law firm of Patrick, Johnson, King & Gilbert, P.C., to handle Plaintiff's claim. On July 19, 1995 and November 7, 1995, Gary Ciurla, a State Farm claims specialist, interviewed Donald Harris of Fortress Security. On February 26, 1996, Gary Ciurla interviewed Wayne Waller, who had a business and personal relationship with Plaintiff.

After its investigation, State Farm determined that the fire had been set by Plaintiff or at her direction and consent, concluded that Plaintiff had presented a false claim to fraudulently collect insurance benefits, and denied her claim on May 3, 1996. Plaintiff then sued State Farm in state court on May 9, 1996, which State Farm then removed to federal court on June 6, 1996.

On June 5, 1996, Plaintiff requested State Farm to produce its file on her claim. State Farm produced most of the documents in the file, but objected to producing several documents under the attorney work product doctrine claiming that they were prepared in anticipation of litigation. These documents are as follows:

a. Investigation report dated August 11, 1995, addressed to Claim Specialist, Gary Ciurla, from Harris Investigations;

b. Investigation report dated September 9, 1995, addressed to Claim Specialist, Gary Ciurla, from Harris Investigations;

c. Activity logs and notes prepared by Claim Specialist, Gary Ciurla;

d. Claim Committee Report, dated April 30, 1996, prepared by Claim Superintendent, Larry Rueff;

e. Combined Fire Report, dated August 31, 1995, prepared by Claim Specialist, Gary Ciurla.

f. Recorded interview with Donald Harris on July 19, 1995, by Claim Specialist, Gary Ciurla;

g. Recorded interview of Donald Harris on November 7, 1995, by Claim Specialist, Gary Ciurla;

h. Recorded interview with Wayne Wailer, Jr., on February 26, 1996, by

Claim Specialist, Gary Ciurla; and SIU Referral Form to Larry Rueff, dated July 11, 1995.

On October 9, 1996, Plaintiff moved to compel production of these documents. Again, State Farm objected, claiming that the products were protected by the work product doctrine. On February 5, 1997, a magistrate judge denied the motion finding that State Farm "reasonably anticipated litigation on July 11, 1995, and that the documents sought by [Plaintiff] were prepared in anticipation of litigation." On February 12, 1997, Plaintiff filed objections with the district judge, who affirmed the magistrate on April 30, 1997.

On February 16, 1999, a jury trial began, and on February 19, 1999, the jury returned a verdict of no cause of action. On February 24, 1999, Plaintiff moved for a new trial or to alter or amend the judgment, which the district court denied on April 11, 2000. On May 12, 2000, Plaintiff appealed from the judgment and the district court's denial of her motion for a new trial or to alter or amend the judgment.

On appeal, Plaintiff raises only one issue. She claims that the trial court abused its discretion and committed reversible error in denying plaintiff's motion to compel discovery. Plaintiff argues that this is a classic instance of an insurance company stonewalling discovery.

■■ This Court reviews discovery orders for an abuse of discretion. *Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 209 (6th Cir.1995). This Court will find an abuse of discretion when it is "firmly convinced" that the district court committed a clear error. *Polk v. Yellow Freight Sys., Inc.*, 876 F.2d 527, 532 (6th Cir.1989); *Bill Call Ford*, 48 F.3d at 209. Even if the trial court errs, this Court will not order a new trial unless the error was prejudicial. *Polk*, 876 F.2d at 532 ("However, even if a mistake has been made, a new trial will not be granted unless the evidence would have caused a different outcome at trial.").

■ Fed.R.Civ.P. 26(b) controls the scope of discovery. It provides that for good cause shown parties may discover any subject matter, not privileged, that is relevant to a claim or a defense in the action. However, under Fed.R.Civ.P. 26(b)(3) ("Trial Preparation: Materials"), a party may discover documents and tangible things of another party prepared in anticipation of litigation or for trial only upon a showing of (1) substantial need of the materials to prepare the case and (2) inability without undue hardship to obtain a substantial equivalent by other means. In ordering discovery of such materials, a court must protect against disclosing the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. *Hickman v. Taylor*, 329 U.S. 495, 508–12, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

■■ A document is prepared in anticipation of litigation when the document, in light of the facts of the case, was obtained because of the prospect of litigation. *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1120 (7th Cir.1983). Simply because an investigation occurs before a suit is filed does not mean that it was not done because of the prospect of litigation. *Id.* at 1120; *Lett v. State Farm Fire & Cas. Co.*, 115 F.R.D. 501 (N.D.Ga.1987) (holding that litigation was reasonably anticipated upon referral of case to defendant's special investigation unit and suspicious nature of fire); *see also Garvey v. Nat'l Grange Mut. Ins. Co.*, 167 F.R.D. 391, 393 (E.D.Pa.1996); *Parry v. Highlight Indus., Inc.*, 125 F.R.D. 449, 451 (W.D.Mich.1989); *Great Lakes Concrete Pole Corp. v. Eash*, 148 Mich.App. 649, 385 N.W.2d 296, 298, n. 2 (1986).

■ Substantial need consists of the relative importance of the information in the documents to the party's case and the ability to obtain that information by other means. *Suggs v. Whitaker*, 152 F.R.D. 501, 507 (M.D.N.C.1993). A party may be required to take the depositions of people who prepared the documents to obtain the information contained in them. *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240–41 (5th Cir.1982); *Suggs*, 152 F.R.D. at 507; *Hohenwater v. Roberts Pharm. Corp.*, 152 F.R.D. 513, 516 (D.S.C. 1994); *Colonial Gas Co. v. Aetna Cas. & Sur. Co.*, 139 F.R.D. 269, 275 (D.Mass. 1991). As a general rule, inconvenience and expense do not constitute undue hardship. *Colonial Gas*, 139 F.R.D. at 275.

■ Discovery of a party's alleged work product involves a burden shifting process. The party seeking discovery must show that the documents are relevant. The resisting party then must show that it or its agent prepared the document in anticipation of litigation. The discovering party must then show that it (1) has a substantial need for the information, but (2) is unable to obtain the substantial equivalent of the materials without undue hardship. *Toledo Edison Co.*, 847 F.2d at 339–340; *In re Air Crash Disaster at Detroit Metro. Airport on August 16, 1987*, 130 F.R.D. 641, 644 (E.D.Mich.1989).

Here, the documents that Plaintiff sought were relevant because they relate to the cause of the fire. Neither party disputes this. Further, it appears that these documents were prepared in anticipation of litigation. State Farm or its representatives reasonably could have anticipated the prospect of litigation because of the allegedly "suspicious nature" of the fire and the Michigan Fire Incident Report by the Detroit Fire Department. Therefore, the district court did not abuse its discretion in finding that documents were relevant or that State Farm prepared them in reasonable anticipation of the prospect of litigation.

■ Next, Plaintiff had to show that she substantially needed those documents and was unable to obtain a substantial equivalent of those documents without undue hardship. *Toledo Edison Co.*, 847 F.2d at 339–340. The district court observed that Plaintiff had the opportunity to depose the investigators that prepared the documents that she requested and concluded that Plaintiff had not shown that she was unable to obtain the information contained in the requested documents. The district court even commented in a footnote that if Plaintiff was unable to obtain the information in the documents because of an investigator's faulty memory then she might be able to show substantial need.

The district court did not abuse its discretion in concluding that Plaintiff did not show that she had a substantial need for those documents and could not obtain the information contained in those documents by alternate means. As Defendant contends, Plaintiff could have deposed Jeffrey Sly, Gary Ciurla, Larry Rueff, Donald Harris, and Wayne Waller and discovered the information that the documents contained.

Accordingly, we AFFIRM the judgment of the district court.