NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0389n.06

**No. 12-3789**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 18, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| MAURTEZ L. PRINCE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  NORRIS, COOK, and McKEAGUE, Circuit Judges.

COOK, Circuit Judge.  Maurtez Prince appeals the sufficiency of the evidence supporting his 18 U.S.C. § 401(3) contempt-of-court conviction and the substantive reasonableness of the thirty-day sentence imposed for the violation.  For the following reasons, we AFFIRM.

I.

Prince attended a friend's sentencing in federal district court.  Despite passing three signs warning about electronic device use in courtrooms, Prince entered a district courtroom with his phone activated.  Deputy U.S. Marshal Kasulones saw the phone and instructed Prince to turn it off.  Despite this warning, Kasulones later observed Prince texting during the hearing.  Deputy Kasulones took Prince's phone and told him to retrieve it from the Marshal's office.  There, Deputy Kasulones told Prince of the Marshal's concern that the proceedings will be photographed or recorded.  Prince

volunteered that he photographed his friend during the sentencing hearing. Deputy Kasulones found the picture on Prince's phone, emailed it to himself, printed it, and deleted it.

Upon learning of the photo being taken, the district court issued an order requiring Prince to show cause why it should not hold him in criminal contempt. After hearing testimony, the court determined that Deputy Kasulones instructed Prince to turn the phone off. The court then found Prince guilty of criminal contempt, in violation of 18 U.S.C. § 401, stating that "the most troubling part" was that Prince continued using his phone despite Kasulones's instruction to stop.

At Prince's sentencing, the district court considered the nature and circumstances of the offense and Prince's personal history and characteristics and determined that Prince violated a posted court rule. Although the court acknowledged that a visitor could overlook the posted signs, it found that Prince disregarded Kasulones's instruction to turn off his phone, noting that Prince had pending state-court violations: two for failure to appear and another felony sentence for unlawfully possessing a Ruger pistol loaded with fourteen rounds of ammunition and eight bags of marijuana. After recognizing the inapplicability of the sentencing guidelines to contempt proceedings, the parties agreed that a sentence between zero and six months would be an appropriate range. The court sentenced Prince to thirty days.

II.

A. Sufficiency of the Evidence

Prince argues that the evidence is insufficient to support his criminal contempt conviction because he did not intentionally or deliberately defy a specific court order. We review Prince's conviction to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). 18 U.S.C. § 401(3) grants federal courts the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, including . . . (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command."[1] We therefore review if any rational trier of fact could have found that Prince "acted with a willfulness that implies a deliberate or intended violation," *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994) (quoting *In re Chandler*, 906 F.2d 248, 250 (6th Cir. 1990)), of a "specific, clear, and unequivocal court order." *Downey*, 30 F.3d at 686.

Ample evidence supports the district court's contempt finding. Deputy Kasulones testified that he "instructed [Prince] to make sure [his cell phone] was shut off, and [Prince] acknowledged that, yes, it will be shut off." (Show Cause Hr'g. Tr. at 7:1-2). The court credited Kasulones's testimony and we may not "weigh the evidence presented [or] consider the credibility of witnesses." *United States v. Graham*, 622 F.3d 445, 446 (6th Cir. 2010). Furthermore, Prince acknowledged the interaction with Deputy Kasulones and that he "knew [the phone] wasn't to be disruptive to the

---

[1]The district court sentenced Prince for violating 18 U.S.C. § 401, but did not specify which exact subsection. The government concedes that Prince did not violate § 401(1), and analyzes the case as arising under § 401(3), as do we.

courtroom," although he disputed whether the order was to turn off the phone or just to silence it. (Show Cause Hr'g. Tr. at 34:3-20).

Prince first challenges the specificity of Kasulones's instruction, arguing that substantial uncertainty surrounded it. To be guilty of contempt, the violated direction or order must first be clear and specific. *Downey*, 30 F.3d at 686. Prince bears a "very heavy burden," *United States v. Abboud,* 438 F.3d 554, 589 (6th Cir. 2006), because we resolve all credibility issues in favor of the verdict, *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001), and the district judge credited Kasulones's command as clear and specific, and we do not weigh the evidence or consider witness credibility.

Prince next claims that he lacked the required intent to defy the command. *See Downey*, 30 F.3d at 686 (requiring willfulness that implies a deliberate or intended violation). The district court found that Prince willfully ignored the command. Our review confirms that although Prince may have missed the signs, Deputy Kasulones's later order put Prince on notice of the cell phone prohibition. Nevertheless, he admitted to texting and photographing after acknowledging Kasulones's order, demonstrating willful disobedience. That suffices to sustain his § 401(3) conviction, and a rational trier of fact could find the elements of the crime beyond a reasonable doubt.

B. Substantive Reasonableness of the Sentence

Prince next argues that his thirty-day sentence is substantively unreasonable for this

contempt. "A sentence is substantively unreasonable if the sentencing court arbitrarily selected the

sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors,

or gave an unreasonable amount of weight to any pertinent factor." *United States v. Cunningham,*

669 F.3d 723, 733 (6th Cir. 2012) (citing *United States v. Collington*, 431 F.3d 805, 808 (6th Cir.

2006)).

We review a non-guideline sentence for abuse of discretion, *see United States v. Martin*, 251

F. App'x 979, 982 (6th Cir. 2007), reversing only if we are "'firmly convinced' that the district court

committed clear error." *Stampley v. State Farm Fire & Cas. Co.*, 23 F. App'x 467, 470 (6th Cir.

2001) (citing *Polk v. Yellow Freight Sys., Inc.*, 876 F.2d 527, 532 (6th Cir. 1989)).

Because violating 18 U.S.C. § 401(3) is a misdemeanor, the parties agreed that the court

could impose a zero to six month sentence. Given that Prince's counsel acknowledged that a

sentence of as long as six months would fall within the appropriate sentencing range, we are not

firmly convinced that Prince's one-month sentence is substantively unreasonable.

Prince argues his sentence is harsher than sentences imposed on other similarly situated

defendants and runs afoul of § 3553(a)(6). But § 3553(a)(6) aims to "avoid unwarranted sentence

disparities among *defendants with similar records* who have been found guilty of similar conduct."

§ 3553(a)(6) (emphasis added). Prince's substantial criminal history—including possession of

weapons and contraband— distinguishes his case from those he cites. Of the five cases Prince uses

to demonstrate a disparity, only one considers a defendant with prior criminal history. *See United States v. Meacham*, 65 F. App'x 529 (6th Cir. 2003). The district court thus sentenced well within its discretion for the offense of photographing a proceeding the court found "sensitive."

Prince's conduct also distinguishes him from the defendants in the cases he cites. Two of the cases involve taking prohibited photos *outside* of the courtroom. *See Mazzetti v. United States*, 518 F.2d 781 (10th Cir. 1975) (photographing from the parking lot outside of the courthouse); *United States v. Seymour*, 373 F.2d 629 (5th Cir. 1967) (photographing in the hall outside of the courtroom). And one case from Prince's brief concerned civil contempt for failure to appear, rather than criminal contempt. *See In re Jacques*, 761 F.2d 302 (6th Cir. 1985). Prince fails to persuade us that his sentence, falling well within the range his counsel acknowledged was appropriate, falls outside the bounds of reasonableness, and we AFFIRM.