PER CURIAM.
The plaintiffs, husband and wife in this personal injury case, petition this court for a writ of certiorari to quash an order compelling the wife to answer certain questions at a deposition. Defendant’s counsel asked the wife two questions at her deposition: when did the wife obtain counsel and did counsel refer her to a particular physician. She refused to answer and asserted the attorney-client privilege. We grant the petition.
The contents of confidential communications between the attorney and client are privileged and not discoverable. See § 90.502, Fla.Stat. (1991); Upjohn Co. v. United States, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Although the first question does not violate the attorney-client privilege in this instance, the second question seeks discovery of confidential communications constituting her attorney’s advice regarding this lawsuit. Such advice is not intended to be disclosed to third parties. The question does not elicit the *126 underlying fact of whether she saw a particular physician, but rather elicits whether she saw the physician at her attorney’s request. Because this communication does not fall within any of the enumerated exceptions to the privilege listed in section 90.502, we grant the petition and quash that portion of the order requiring the wife to answer the second question.
The petition for certiorari is granted, and the circuit court’s order is quashed in part.
LEHAN, C.J., and PARKER and PATTERSON, JJ., concur.