**In re Maria AVILA, Relator.**

**No. 99–0633.**

Supreme Court of Texas.

Jan. 13, 2000.

Richard F. Neville, III, San Antonio, for Relator.

Martin J. Phipps, Frank S. Gallegos, Larry J. Goldman, San Antonio, for Respondent.

Justice HECHT, dissenting from the denial of the petition for mandamus.

The single question raised by this petition for mandamus is whether the attorney-client privilege protects a party from being required to disclose that her attorney referred her to a physician for treatment. Contrary to the district court, I would answer yes. The question is important, not only because, as the real party in interest states, it arises in many personal injury lawsuits, but because a rule requiring disclosure of such information is a significant incursion into the province of the attorney-client privilege. No Texas case addresses the question directly, and the only case I can find on the subject in any other jurisdiction has held that the fact of an attorney's referral is privileged.[1] For these reasons, I would grant the petition for mandamus. Because the Court does not, I respectfully dissent.

Maria Avila claims to have suffered personal injuries in an accident caused by an uninsured motorist. She sued her own insurer, Allstate Indemnity Co., for uninsured motorist benefits. At her deposition, Avila testified that she had been referred for medical treatment to Dr. Samaniego, a physician she had never heard of before she retained legal counsel. Allstate's counsel then asked who had re-

---

**1.** *Burt v. Government Employees Ins. Co.,* 603    So.2d 125 (Fla.Dist.Ct.App.1992).

ferred her to Dr. Samaniego. Avila refused to answer, based on her counsel's instruction not to answer "as far as any attorney/client communications." Allstate moved to compel Avila to answer the question. With Allstate's agreement, Avila's counsel submitted an *in camera* affidavit to the district court to prove that the question called for information protected by the attorney-client privilege. The court granted Allstate's motion, explaining that Avila was ordered to disclose only the identity of the person who referred her to Dr. Samaniego and not anything else her lawyer may have told her. Avila petitioned the court of appeals for mandamus directing that the order be set aside. The court of appeals denied the petition. Avila then petitioned this Court for mandamus relief.

Allstate's question to Avila, restated, is whether her attorney told her to see Dr. Samaniego for treatment. Whether the answer is yes or no, the question calls for Avila to testify regarding communications between her and her attorney. Allstate has four arguments why those communications are not privileged.

*First:* Allstate argues that Avila failed to show that she and her attorney intended their communication regarding Dr. Samaniego to be confidential. The attorney-client privilege protects only "confidential communications".[2] The first problem with this argument is that, on its face, it does not make much sense. Why would Avila and her attorney not have intended the communication to be confidential when Avila and Allstate both urge that a disclosure that Avila was referred to Dr. Samaniego by her attorney would hurt her position in the case? If Avila and her attorney did not intend for his advice to be kept confidential, they were acting against their own interests. Whether they succeeded in keeping the referral confidential is one thing, but that they *intended* it to be kept

confidential seems obvious. Allstate does not argue that the referral was disclosed to Dr. Samaniego or anyone else; she contends only that Avila and her lawyer did not intend to keep the referral confidential.

The additional problem with Allstate's argument is that it has no more support in the record than it does in logic. Avila's attorney's affidavit establishes that the communication was intended to be privileged. Allstate suggests that Avila and her attorney must have known that Dr. Samaniego would be told of the referral because "it is common knowledge that every new patient is normally asked by a physician how she came to him". But Allstate concedes that nothing in the record indicates what Avila may or may not have told Dr. Samaniego. Allstate argues that Avila must have known that she would have to tell Dr. Samaniego of the referral because she could not pay him at the time and he would not have consented to treat her if he were not assured of payment from her attorney. But for all we know from the record, Dr. Samaniego might have treated Avila free of charge.

As I have said, Allstate does not argue that Avila failed to show that the privilege was not waived by disclosure to Dr. Samaniego. A party who has made a prima facie showing of privilege is not required to disprove waiver of the privilege by disclosure until the issue is raised.[3]

*Second:* Allstate argues that a referral to a treating physician, as contrasted with a consulting physician, is not privileged because it does not relate to the rendition of legal services. At the same time, Allstate argues that Avila's lawyer referred her to Dr. Samaniego to strengthen her damages claim. I see no basis for arguing that the attorney's referral was unrelated to his legal services in the case.

---

2. Tex.R. Evid. 503(b)(1).

3. *Jordan v. Court of Appeals for Fourth Supreme Judicial Dist.*, 701 S.W.2d 644, 649 (Tex.1985).

*Third:* Allstate argues that by testifying that she had been referred to Dr. Samaniego, Avila waived any privilege from disclosing who referred her. If that were true, then Avila should also have waived any privilege from disclosing what her attorney said in the process of the referral. Disclosure of the mere fact of referral does not waive the privilege for all related information.

*Fourth:* Allstate argues that Avila cannot use the attorney-client privilege offensively to conceal evidence that tends to defeat her claim for reasonable and necessary medical expenses. Allstate argues that evidence that Avila saw Dr. Samaniego because of her attorney's referral and not her own physical condition tends to show that her medical expenses were not reasonable and necessary but intended merely to increase her damage claims. Offensive use is an exception to the attorney-client privilege.[4] One element of the exception is that the privileged information be such that its disclosure in a case would in all probability be determinative of the outcome.[5] Allstate argues that this requirement is satisfied by showing that disclosure would affect the outcome in some way, however slight, and that the offensive use exception does not require a showing that disclosure would defeat Avila's claim altogether. I agree with the latter point, but the exception requires a showing of more than some effect. The Court explained in *Republic Insurance Co. v. Davis:* "Mere relevance is insufficient. A contradiction in position without more is insufficient. The confidential communication must go to the very heart of the affirmative relief sought."[6] A showing that disclosure of a confidential communication would significantly affect the amount of damages awarded to a party could satisfy this requirement, but Allstate has made no such showing. Allstate argues only that disclosure of the referral would somewhat reduce the amount of medical expenses Avila might recover in damages. This argument falls short of showing that evidence of the referral goes "to the very heart" of Avila's claim.

\* \* \* \* \*

Requiring a client to disclose that her attorney referred her to a particular professional for services is a significant exception to the attorney-client privilege. I see no principled basis for restricting the rule's application to plaintiffs in personal injury cases. I would grant the petition for mandamus and direct the district court to vacate its order.

---

4. *Republic Ins. Co. v. Davis,* 856 S.W.2d 158, 163 (Tex.1993).

