[Cite as *Nunley v. Nationwide Children's Hosp.*, 2013-Ohio-5330.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mary T. Nunley, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-425<br>(C.P.C. No. 11CVD-10-12329) |
| Nationwide Children's Hospital et al., | : | |
| Defendants-Appellants. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on December 5, 2013

*Renny J. Tyson Co., LPA,* and *Renny J. Tyson*; *Morgan & Justice Co., LPA,* and *Thomas E. Morgan*, for appellee.

*Vorys, Sater, Seymour and Pease LLP,* and *Theodore P. Mattis*; *Michael J. Ball*, for appellant Nationwide Children's Hospital.

*Michael DeWine*, Attorney General, and *Justine S. Casselle*, for defendant Bureau of Workers' Compensation.

APPEAL from the Franklin County Court of Common Pleas

McCORMAC, J.

{¶1} Defendant-appellant, Nationwide Children's Hospital, filed an appeal from a judgment of the Franklin County Court of Common Pleas granting in part and denying in part its combined motion for protective order and motion in limine. Plaintiff-appellee, Mary T. Nunley, filed a motion to dismiss contending the appeal was taken from an order that did not constitute a final appealable order. For the following reasons, we grant appellee's motion and dismiss the appeal.

{¶2} The appeal arises out of an appeal filed in the Franklin County Court of Common Pleas pursuant to R.C. 4123.512 regarding the Ohio Industrial Commission's

disallowance of appellee's conditions. Appellee, a former employee of appellant, alleges she fell while at work and her fall caused her to suffer a debilitating stroke that rendered her unable to work or perform daily activities.

{¶3} During the administrative phase of the proceedings, appellant hired Gerald Steinman, M.D., to perform an independent medical examination of appellee. Appellant provided a copy of Dr. Steinman's report to appellee's counsel. The results of the examination are adverse to appellant's position. During discovery, appellee listed Dr. Steinman as a potential witness.

{¶4} Appellant filed a combined motion for protective order and motion in limine requesting that the trial court prevent appellee from retaining, contacting, or deposing Dr. Steinman because appellant retained him as a non-testifying expert pursuant to Civ.R. 26(B)(5)(a). Appellant also sought to prevent appellee from calling Dr. Steinman as a witness at trial, either directly or on cross-examination.

{¶5} Civ.R. 26(B)(5)(a) provides as follows:

> Subject to the provisions of division (B)(5)(b) of this rule and Civ.R. 35(B), a party may discover facts known or opinions held by an expert retained or specially employed by another party in anticipation of litigation or preparation for trial only upon a showing that the party seeking discovery is unable without undue hardship to obtain facts and opinions on the same subject by other means or upon a showing of other exceptional circumstances indicating that denial of discovery would cause manifest injustice.

{¶6} The trial court found that Civ.R. 26(B)(5)(a) was inapplicable to this case because appellee already knows the doctor's identity and knows the doctor's opinion because appellant was examined by Dr. Steinman and provided a copy of the report. Thus, she had no need to discover the doctor's identity and his opinion. The trial court also found that the situation of requiring appellee to locate, retain and be examined by another expert, presented an undue hardship for her, given her physical and financial condition. The trial court denied appellant's motion for a protective order prohibiting discovery or contact with Dr. Steinman. The trial court further found that Dr. Steinman's report would constitute inadmissible hearsay if presented at the trial without his testimony and granted appellant's motion in limine to the extent that appellee could not introduce Dr. Steinman's report at trial without calling Dr. Steinman as a witness.

{¶7} Appellant filed a notice of appeal and raised the following assignment of error:

> The trial court erred in denying the component of the combined Motion for Protective Order and Motion in Limine filed by Defendant-Appellant Nationwide Children's Hospital ("NCH"), seeking to prohibit Plaintiff-Appellee Mary T. Nunley ("Ms. Nunley") from retaining, contacting, obtaining discovery from, or calling as a witness at trial NCH's consulting medical expert, Dr. Gerald Steinman, who is assisting NCH with trial preparation, but to whom NCH does not intend to call as a witness at trial.

{¶8} Appellee filed a motion to dismiss the appeal arguing that the appeal was taken from an order that did not constitute a final appealable order. Before addressing the assignment of error, we must determine whether the trial court's order constitutes a final appealable order, as this court may only entertain those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92 (1989). Ohio Constitution, Article IV, Section 3(B)(2) provides that courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" R.C. 2505.03(A) also limits appellate jurisdiction of courts of appeals to the review of final orders, judgments or decrees. *State ex rel. Bd. of State Teachers Retirement Sys. Of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶ 44. A final order is statutorily defined by R.C. 2505.02, which provides, as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy * * *:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action[.]

{¶9} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. *Eng. Excellence Inc. v. Northland Assoc. L.L.C.,* 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10, citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus. Civ.R. 54(B) is not applicable to this appeal. This appeal concerns only the application of a discovery rule pertaining to the admission of evidence and in particular Civ.R. 26(B)(5)(a). This issue has been raised by use of a motion in limine. A motion in limine is a request " ' that the court limit or exclude use of evidence which the movant believes to be improper, and is made in advance of the actual presentation of the evidence to the trier of fact, usually prior to trial.' " *Gordon v. Ohio State Univ.*, 10th Dist. No. 10AP-1058, 2011-Ohio-5057, ¶ 82, quoting *State v. Winston* 71 Ohio App.3d 154, 158 (2d Dist.1991). A ruling on a motion in limine is a "tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of an evidentiary issue." *State v. Grubb*, 28 Ohio St.3d 199, 201-02 (1986). "A preliminary ruling has no effect until it is acted upon at trial." *State v. Kulasa*, 10th Dist. No. 11AP-826, 2012-Ohio-6021, ¶ 20, citing *State v. Chandathany*, 9th Dist. No. 02CA0081-M, 2003-Ohio-1593, ¶ 5.

{¶10} Appellant argues that it will be more efficient to determine the issue pretrial in this appeal than after trial. The problem with that argument is that the appeal issues may change dramatically as the actual rulings made by the trial court may differ substantially as the court makes binding rulings that will be applied by the jury. Aspects of privilege may enter into the considerations, the extent of which is not fully known at this time.

{¶11} There are situations that would justify the requirements of R.C. 2505.02(B)(4)(a) and (b) to satisfy grounds for appeal. An example is disclosure of trade secrets, which, once released, the "cat is out of the bag." Another situation is an inadmissible disclosure that, once known, by opening statement, or otherwise, severely jeopardizes a case. Physician confidentiality is specifically protected, but, in this case, to date, has not caused continuing harm to either the physician or client, as it tends to show that both the lawyer who hired the physician and the physician are persons of integrity. Obviously, knowledge by the jury that plaintiff's own expert rendered an opinion adverse to plaintiff will seriously jeopardize plaintiff's case. However, if Civ.R. 26(B)(5)(2) is applied to exclude that knowledge from the jury, no harm will be done. Appellee's counsel said, in oral argument of the appeal, that he has only one goal, which is that Dr. Steinman say that he authored the report without getting into confidentiality concerning Dr. Steinman's status in his role as adviser.

{¶12} The issue of confidentiality of non-testifying expert opinions in Civ.R. 26(B)(5)(a) is more appropriately termed work product, rather than privileged material. Appellee already knows the identity of the expert and his opinion because Dr. Steinman's report was provided to appellee in compliance with R.C. 4123.651, which should not be construed to constitute a waiver of the work product protection of Civ.R. 16(B)(5)(a). As previously stated, "[a] trial court's decision to grant a motion in limine is an interlocutory order that is not final and appealable." *Kirkpatrick v. Willows,* 10th Dist. No. 07AP-893, 2008-Ohio-2300, ¶ 6, citing *Gable v. Gates Mills,* 103 Ohio St.3d 449, 2004-Ohio-5719. "In virtually all circumstances finality does not attach when the motion is granted." *Grubb* at 202. During the trial, the trial court is "certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.' " *Grubb* at 202, quoting *State v. White,* 6 Ohio App.3d 1, 4 (8th Dist.1982).

{¶13} There are occasions when a ruling that is preliminary may be appealable despite the fact that it would, in the great majority of cases, be interlocutory and non-appealable. If it were revealed to a jury that appellee's expert (pursuant to Civ.R. 26(B)(5)(a)) had provided the employer with an adverse opinion would not, alone, determine the action and prevent a judgment, but obviously it would make it much more difficult. It is interesting to note that the Industrial Commission did not rule against appellant despite having knowledge of Dr. Steinman's report. The statute

requiring Civ.R. 26(B)(5)(a) reports to be exchanged is not designed for evidentiary use without complying with Civ.R. 26(B)(5)(a) exceptions, but for complying with the general scope of discovery, even though the discovered matter is not, in itself, admissible. Civ.R. 26(B)(1). Otherwise the exchange requirement would be in conflict with the Supreme Court's rule-making authority.

{¶14} There are two exceptions to the work product protection contained in Civ.R. 26(B)(5)(a). Those are that the party seeking discovery is unable "without undue hardship to obtain facts and opinions on the same subject by other means" or upon a showing "of other exceptional circumstances indicating that denial of discovery would cause manifest injustice."

{¶15} The trial court based its opinion first on the conclusion that Civ.R. 26(B)(5)(a) did not apply because plaintiff already knew "the facts known or opinions held" by Dr. Steinman. However, as previously noted, the submission should not be held to be a waiver of work product protection. *See Knepler v. Cowden*, 2d Dist. No. 17473 (Dec. 23, 1999); *Rubel v. Eli Lilly and Co.*, 160 F.R.D. 458, 460 (S.D.N.Y.1995); C. Wright, A. Miller, M. Kane & R. Marcus, 8A Federal Practice and Procedure: Civil, Section 2032 (3d Ed.) The trial court determined that, even if *Knepler* were applicable, it was trumped by the undue hardship or other exceptional circumstance causing manifest injustice provisions.

{¶16} The physical health of plaintiff has very limited relevance in this case as rarely does a party provide the work effort to obtain an expert witness. Economic disparity exists in some measure in most cases. To introduce that concept would effectively gut the exceptions listed above. The consulting expert "privilege" is intended to prevent the "unfairness that could result from allowing an opposing party to reap the benefits of another party's efforts and expense." *Plymovent Corp. v. Air Technology Solutions, Inc.*, 243 F.R.D. 139 (D.N.J. 2007). *See also Stampley v. State Farm Fire & Casualty Co.,* 23 Fed.Appx. 467, 471 (6th Cir.2001).

{¶17} Finally, there is the contention by defendant that an immediate appeal is the most efficient way to proceed. We disagree. Both parties have equal access to a direct appeal of the verdict when it is rendered and the appeal will be based on what rulings were actually made.

{¶18}  If work product privilege is to be changed, it should be by a Supreme Court rule change rather than by eroding it beyond the exceptions for protection as intended in adoption of Civ.R. 26(B)(5)(2), which is limited to extreme situations like no other experts in this field.  Causation of a stroke is not such a situation and the only issue in this case is that issue.  It is also noted that appellee has listed Dr. Pin, her vascular surgeon, as a witness.  Exceptional circumstances, undue hardship and manifest injustice go far beyond economic disparity.

{¶19}  Accordingly, appellee's motion to dismiss the appeal is granted.

*Motion to dismiss granted;*
*appeal dismissed.*

BROWN & O'GRADY, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under the authority of Ohio Constitution, Article IV, Section 6(C).