[Cite as *Liebe v. Admin., Bur. of Workers' Comp.*, 2014-Ohio-1834.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100230**

---

## KAREN E. LIEBE

PLAINTIFF-APPELLANT

vs.

## ADMIN., BUREAU OF WORKERS' COMPENSATION, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-781525

**BEFORE:** Keough, P.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 1, 2014

**ATTORNEYS FOR APPELLANT**

Michael H. Gruhin
Gruhin & Gruhin
24100 Chagrin Boulevard, Suite 250
Beachwood, OH 44122

Martin T. Galvin
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Ave. West
Cleveland, OH 44115

**ATTORNEYS FOR APPELLEES**

**For the Bureau of Workers' Compensation
and the Industrial Commission of Ohio**

Mike DeWine
Ohio Attorney General
By: Thomas M. McCarty
Assistant Ohio Attorney General
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, OH 44113

**For March Hodge LaMarch Cleveland, L.L.C.**

Jerry P. Cline
Thomas R. Wyatt
561 Boston Mills Road, Suite 700
Hudson, OH 44236

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** Appellant, Karen E. Liebe, appeals from the trial court's judgment denying her pretrial motion in limine. For the reasons set forth below, we dismiss for lack of a final, appealable order.

## I. Background

**{¶2}** This case is an administrative appeal to the common pleas court from an Industrial Commission of Ohio order that disallowed Liebe's workers' compensation claim for two of five requested medical conditions. The Industrial Commission's decision was based primarily on the expert report of Liebe's chiropractor, Dr. Ryan Haely, and the report of Dr. Paul Martin, medical expert for Liebe's employer, March Hodge LaMarch Cleveland, L.L.C. ("March Hodge").

**{¶3}** On April 3, 2013, counsel for March Hodge went to Dr. Haely's office and reviewed Liebe's medical file in preparation for Dr. Haely's videotaped trial deposition, which took place on April 5, 2013. On April 15, 2013, the day of trial, March Hodge filed a motion for a continuance of trial. In its motion, March Hodge stated that on April 12, 2013, after Dr. Haely's deposition, it had received copies of Liebe's trial exhibits, some of which had not been previously produced in the discovery process. March Hodge contended that these documents, which included Dr. Haely's draft reports, as well as emails between Dr. Haely and Liebe's attorneys, demonstrated that someone from Liebe's attorney's office had provided material changes to Dr. Haely's expert report. At a conference just prior to trial, the trial court granted March Hodge's motion and continued

the trial to allow March Hodge to re-depose Dr. Haely regarding his involvement in the edited report.

{¶4} March Hodge then filed a motion with the Ohio Bureau of Workers' Compensation requesting an emergency hearing with the Industrial Commission in light of Dr. Haely's alleged "fraud" and "new and changed circumstances" regarding Liebe's workers' compensation claim. On April 23, 2013, Dr. Haely appeared, pursuant to subpoena, for deposition at the Ohio attorney general's office. Prior to his deposition, however, representatives of the Ohio attorney general advised him that he should not testify without his own counsel being present, so the deposition was continued.

{¶5} Dr. Haely's second deposition commenced on April 30, 2013. In light of March Hodge's accusations of fraud, the warnings of the attorney general, and the advice of his newly retained counsel, Dr. Haely invoked the Fifth Amendment and declined to answer any further questions concerning or related to Liebe.

{¶6} Liebe then filed a motion in limine in which she asked the trial court "for an order in limine precluding any evidence, argument, or comment at trial concerning, regarding, or related to" (1) any draft expert reports by Dr. Haely, (2) any communications between Dr. Haely and Liebe's counsel, (3) Dr. Haely's invocation of the Fifth Amendment, and (4) the April 30, 2013 deposition of Dr. Haely. The trial court denied the motion, and this appeal followed.

## II. Analysis

{¶7} Appellate courts have jurisdiction to review the final orders or judgments of

lower courts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte. *St. Rocco's Parish Fed. Credit Union v. Am. Online*, 151 Ohio App.3d 428, 431, 2003-Ohio-420, 784 N.E.2d 200 (8th Dist.)

{¶8}   Under R.C. 2505.02, an order is a final, appealable order when it (1) affects a substantial right in an action that in effect determines the action and prevents a judgment; (2) affects a substantial right made in a special proceedings; (3) vacates or sets aside a judgment or grants a new trial; (4) grants or denies a provisional remedy, and such order determines the action with respect to the provisional remedy and leaves the appealing party without a meaningful or effective remedy by an appeal following final judgment; or (5) determines that an action may or may not be maintained as a class action.

{¶9} "It is well settled that the granting or denial of a motion in limine is a tentative, interlocutory, precautionary ruling reflecting the trial court's anticipatory treatment of an evidentiary issue which the trial court may change at trial when the disputed evidence appears in context." *State v. Taylor*, 8th Dist. Cuyahoga No. 83778, 2004-Ohio-3115, ¶ 6, citing *State v. Grubb*, 28 Ohio St.3d 199, 201, 503 N.E.2d 142 (1986). "A preliminary ruling has no effect until it is acted upon at trial" and, hence is not a final, appealable order. *State v. Kulasa*, 10th Dist. Franklin No. 11AP-826, 2012-Ohio-6021, ¶ 20. Both Liebe and March Hodge, however, contend the trial court's

judgment was a final, appealable order.

{¶10} Liebe contends that Dr. Haely's draft expert reports and any communications between him and her attorneys are protected by the work product privilege. Therefore, she argues, the trial court's denial of her motion in limine is a final, appealable order under R.C. 2505.02(B)(4) because it effectively determined the provisional remedy, i.e., discovery of privileged matter.[1] We are not persuaded.

{¶11} Our review of Liebe's motion demonstrates that she moved the court for an order excluding the use of the disputed documents at trial, which is clearly a request for a pretrial evidentiary ruling. Although Liebe contends that she asked the court to enforce the "clawback" provision of Civ.R. 26(B)(6)(b) and require March Hodge to return the allegedly privileged documents, our review of Liebe's motion in limine demonstrates that her "clawback" request was buried in the middle of her motion. A party has a duty to make the relief it seeks clear to the court. "While the Civil Rules should be liberally construed to effectuate just results, this does not relieve a party from clearly alerting a court as to what the party seeks. To hold otherwise would require trial courts to speculate on the relief sought in a particular motion, notwithstanding its caption or content." *L.T.M. Builders Co. v. Jefferson*, 61 Ohio St.2d 91, 95, 399 N.E.2d 1210 (1980). By burying the privilege issues in the middle of her motion, styling the motion as a "motion in limine," and limiting her requests for relief at the beginning and end of

---

[1] R.C. 2505.02(A)(3) includes "discovery of privileged matter" in its definition of "provisional remedy."

her motion to a request for the court to exclude evidence at trial, Liebe did not clearly alert the court that she sought the return of assertedly privileged documents. Thus, we conclude that the trial court did not decide the work-product privilege question, especially in the absence of an evidentiary hearing or in camera review. *See, e.g., Chiasson v. Doppco Dev. LLC*, 8th Dist. Cuyahoga No. 93112, 2009-Ohio-5013, ¶ 16 (upon assertion of work-product privilege, a trial court should hold an evidentiary hearing or in camera review to determine whether the privilege applies). Accordingly, the court's ruling denying the motion in limine cannot be seen as denying Liebe the benefit of a privilege.

{¶12} March Hodge, on the other hand, contends that the court's order is final and appealable under R.C. 2505.02(B)(2) because it affects a substantial right in a special proceeding. Workers' compensation appeals are special proceedings. *Anderson v. Sonoco Prods. Co.*, 112 Ohio App.3d 305, 308, 678 N.E.2d 631 (2d Dist.1996). Citing *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409 (9th Dist.) as support, March Hodge urges that the court's ruling affects a substantial right because it is a definitive ruling on the admissibility of allegedly privileged evidence. In *Carter*, the parties reached a settlement after mediation. The city of Akron subsequently informed the court that it intended to move the court to enforce the settlement agreement, and Carter responded with a motion in limine to exclude from trial all evidence of any mediation settlement discussions on the basis of privilege under R.C. 2710.01 et seq., Ohio's Uniform Mediation Act. The Ninth District concluded that the trial court's judgment granting Carter's motion in part and denying it in part was a definitive ruling,

i.e., "a final pre-trial determination with respect to inadmissibility of a particular matter," because evidence is either privileged or not under the statute, a determination that is not dependent upon a foundation being laid at trial. *Id.* at ¶ 8. Finding the court's judgment to be a definitive ruling on a motion in limine, the Ninth District then analyzed the order for finality under R.C. 2505.02, and concluded that the trial court's order was final and appealable because it was made in a special proceeding and affected Carter's statutory right to the privilege under the statute. *Id.* at ¶ 12.

{¶13} The work product privilege at issue in this case is distinguishable from the mediation privilege at issue in *Carter*, however: work product is a discovery privilege, while the mediation privilege is a statutory evidentiary privilege. Furthermore, as discussed above, the trial court did not decide the work-product privilege issue; thus, it did not make a definitive ruling with respect to the admissibility of the alleged privileged documents. On the facts of this case, *Nunley v. Nationwide Children's Hosp.*, 10th Dist. Franklin No. 13AP-425, 2013-Ohio-5330, provides a more convincing argument than *Carter* as to why an order denying a motion in limine to exclude work product from trial is not a final, appealable order. Accordingly, we hold that the trial court's order denying Liebe's motion in limine is not a final, appealable order and dismiss this appeal.

{¶14} Dismissed.

It is ordered that the appellant shall pay the costs herein assessed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into

execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR