[Cite as *Plogger v. Myers*, 2017-Ohio-8229.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105210

---

# RODNEY PLOGGER

### PLAINTIFF-APPELLANT

### vs.

# JUSTIN MYERS

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-853792

**BEFORE:** S. Gallagher, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 19, 2017

**ATTORNEYS FOR APPELLANT**

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, Suite 1910
50 Public Square
Cleveland, Ohio   44113

Michael D. Shroge
Plevin & Gallucci Co., L.P.A.
55 Public Square, Suite 2222
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Christopher Ankuda
Colin P. Moeller
Paul R. Morway
Ankuda, Stadler & Moeller, Ltd.
1100 Superior Avenue, Suite 1120
Cleveland, Ohio   44114

SEAN C. GALLAGHER, J.:

**{¶1}** Plaintiff-appellant Rodney Plogger filed this appeal from the trial court's denial of a motion in limine that sought to preclude testimony allegedly protected by the attorney-client privilege. Because the trial court's ruling is not a final, appealable order, we must dismiss the appeal for lack of jurisdiction.

**{¶2}** On November 4, 2015, plaintiff filed a personal injury action claiming that he had been seriously injured in an automobile accident that was alleged to have been negligently caused by defendant-appellee Justin Myers. During plaintiff's deposition, his counsel objected to questioning about who had referred plaintiff to his treating physician on the basis of attorney-client privilege. After contacting the court during the deposition, the parties were informed that the questions should be answered. However, the deposition was concluded without the disputed questions being answered.

**{¶3}** Plaintiff proceeded to file a motion in limine, seeking to preclude defendant's counsel from asking any questions or attempting to elicit any answers in this context, and asserting the information is protected by the attorney-client privilege. The trial court denied the motion. The trial court determined that the questioning asked "about a fact" as opposed to the details of a conversation between plaintiff and his attorney, and was not protected by the attorney-client privilege. The court further found that "the answer is relevant to the issue of potential bias and credibility of the treating physician."

**{¶4}** Plaintiff-appellant appealed the trial court's ruling, claiming the trial court erred in its determination regarding the attorney-client privilege.

**{¶5}** As an initial matter, we recognize that this appeal was taken from a ruling on a motion in limine. The parties dispute whether this court has jurisdiction over the appeal and have fully briefed the issue.

**{¶6}** An appellate court has no jurisdiction in the absence of a final, appealable order. *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 21. A ruling on a motion in limine is a "'tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated'" and is not subject to appellate review "'unless the claimed error is preserved by an objection, proffer, or ruling on the record when the issue is actually reached and the context is developed at trial.'" *State v. Grubb*, 28 Ohio St.3d 199, 203, 503 N.E.2d 142 (1986), quoting Palmer, *Ohio Rules of Evidence Rules Manual*, at 446 (1984). *See also State v. Brown*, 38 Ohio St.3d 305, 311-312, 528 N.E.2d 523 (1988); *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, ¶ 34.

**{¶7}** We recognize that the Ohio Supreme Court has held that "a discovery order that is alleged to breach the confidentiality guaranteed by the attorney-client privilege satisfies R.C. 2505.02(B)(4)(b) and is a final, appealable order that is potentially subject to immediate review." *Burnham v. Cleveland Clinic*, Slip Opinion No. 2016-Ohio-8000, ¶ 2. Unlike *Burnham*, there is no discovery order mandating the production of allegedly privileged material in this matter.

**{¶8}** The record reflects that the court had instructed the parties during the deposition that the disputed questions should be answered. Although appellant argues

that the answer to who had referred plaintiff to his treating physician is protected by the attorney-client privilege, the question was never answered. A motion in limine was then filed that sought to preclude testimony in this regard, on the basis of the attorney-client privilege.

{¶9} The attorney-client privilege is the oldest of the confidential communication privileges known in the common law. *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The primary purpose of the attorney-client privilege is to "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id*. The attorney-client privilege does not prevent disclosure of the underlying fact; it only protects disclosure of the communications. *Id*. at 395. "In Ohio, the attorney-client privilege is governed both by statute, R.C. 2317.02(A), which provides a testimonial privilege, and by common law, which broadly protects against any dissemination of information obtained in the confidential attorney-client relationship." *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 27, citing *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 24.

{¶10} Appellee argues that the attorney's act of referring a client to a treating physician is an underlying fact, not a communication. Appellee cites to no Ohio case directly on point. Appellant argues that an attorney's recommendation to his client that

he seek care from a particular doctor is a "communication" that is protected by the attorney-client privilege. Appellant cites to a Florida decision that determined: "The question does not elicit the underlying fact of whether she saw a particular physician, but rather elicits whether she saw the physician at her attorney's request" and thereby "seeks discovery of confidential communications constituting her attorney's advice regarding [the] lawsuit." *Burt v. Govt. Emps. Ins. Co.*, 603 So.2d 125, 125-126 (Fla.App.1992).[1]

**{¶11}** However, because the trial court's ruling was on a motion in limine, it has yet to make a final determination on the issue. Thus, we make no determination as to the attorney-client privilege issue raised.

**{¶12}** Even in the context of privilege, the Ohio Supreme Court has found that the denial of a motion in limine raising privilege grounds does not preserve a claimed error for review without a proper objection being raised at trial. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 59. Likewise, a majority of appellate

---

[1] Similarly, another court has stated:

> That the plaintiff was treated by a particular doctor is an underlying fact. That the plaintiff received a referral to see a particular doctor is also an underlying fact. However, whether the plaintiff's attorney requested that the client see a certain doctor requires the plaintiff to disclose a part of a communication that was held between the plaintiff and attorney, and we resist any attempts to separate the contents of communications to distinguish "facts" from privileged information. To hold otherwise would severely undermine the purpose of the privilege, which is to encourage the free flow of information between attorneys and their clients.

*Worley v. Cent. Florida Young Men's Christian Assn.*, Fla. S.Ct. No. SC15-1086, 2017 Fla. LEXIS 812 (Apr. 13, 2017).

courts that have considered the issue have found that even when alleged privileged communications are at issue, a ruling on a motion in limine is not a final order. *See Henderson v. Henderson*, 150 Ohio App.3d 339, 2002-Ohio-6496, 780 N.E.2d 1072, ¶ 10 (10th Dist.), citing *In re Isaacs*, 2d Dist. Montgomery No. 18104, 2000 Ohio App. LEXIS 3491, 5, 12 (July 31, 2000) (granting of motion in limine preventing admission of allegedly privileged documents would not be a final order subject to review); *In re Neyland*, 6th Dist. Lucas No. L-91-271, 1992 Ohio App. LEXIS 3562, 7-8 (July 10, 1992) (denial of motion in limine regarding allegedly privileged testimony not reviewable by appeals court absent objection raised at trial); *State v. Wells*, 1st Dist. Hamilton No. C-940307, 1994 Ohio App. LEXIS 5721, 4-5 (Dec. 21, 1994). *Accord State v. Conley*, 8th Dist. Cuyahoga No. 69597, 1996 Ohio App. LEXIS 3547, 11 (Aug. 22, 1996) (a party may not rest on in limine ruling as to privilege issue, and must raise its objection anew when the issue is again raised at trial); *State v. Cherukuri*, 79 Ohio App.3d 228, 232-233, 607 N.E.2d 56 (11th Dist.1992) (claim of physician-patient privilege raised in limine as to admission of emergency room nurses' testimony not subject to review when not preserved by objection at trial); *see also Liebe v. Admin.*, 8th Dist. Cuyahoga No. 100230, 2014-Ohio-1834 (finding an order denying a motion in limine to exclude work product from trial was not a final, appealable order). In light of these decisions, we are not inclined to follow *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409 (9th Dist.), wherein the court determined that a ruling on a motion in limine relating

to privileged mediation communications was a definitive ruling that constituted a final, appealable order. *Id*. at ¶ 8-12.

**{¶13}** Accordingly, we find the order appealed is not a final, appealable order and that we lack jurisdiction to review the matter.

**{¶14}** Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS WITH SEPARATE CONCURRING OPINION


EILEEN T. GALLAGHER, J., CONCURRING:

**{¶15}** I concur with the majority's conclusion that the trial court's motion in limine ruling does not constitute a final determination on the issue of attorney-client privilege, and therefore, is not a final, appealable order. As referenced by the majority, this court has held that

> "the granting or denial of a motion in limine is a tentative, interlocutory,
>
> precautionary ruling reflecting the trial court's anticipatory treatment of an

evidentiary issue which the trial court may change at trial when the disputed evidence appears in context.*" State v. Taylor*, 8th Dist. Cuyahoga No. 83778, 2004-Ohio-3115, ¶ 6, citing *State v. Grubb*, 28 Ohio St.3d 199, 201, 28 Ohio B. 285, 503 N.E.2d 142 (1986). "A preliminary ruling has no effect until it is acted upon at trial" and, hence is not a final, appealable order. *State v. Kulasa*, 10th Dist. Franklin No. 11AP-826, 2012-Ohio-6021, ¶ 20.

*Liebe v. Admin.*, 8th Dist. Cuyahoga No. 100230, 2014-Ohio-1834, ¶ 9.

{¶16} However, I write separately to express my belief that there is no practical distinction made between an order compelling discovery of allegedly privileged information and a judgment denying a motion in limine that sought to preclude opposing counsel from eliciting allegedly privileged information. *See Burnham v. Cleveland Clinic*, Slip Opinion No. 2016-Ohio-8000, ¶ 21 *(*finding that an order that compels "the production of privileged or protected materials certainly satisfies R.C. 2505.02(B)(4)(a) because it would be impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials."). In my view, both judgments ultimately lead to situations R.C. 2505.02(B)(4)(b) seeks to prevent.

{¶17} In this case, the trial court's journal entry denying appellant's motion in limine clearly sets forth the court's position that the challenged question does not implicate the protections of attorney-client privilege, "as it is asking about a fact, not the details of a conversation between plaintiff and his attorney." Given the language used in

the trial court's entry, I believe it would be disingenuous to suggest that the court's denial of appellant's motion in limine was not a final determination on the issue. Thus, once the challenged question is posed at trial, and counsel's objection on grounds of privilege is inevitably overruled, appellant is going to be compelled to provide an answer that may disclose information that is alleged to be protected by attorney-client privilege.

{¶18} Practically, this gives me pause, particularly where, as here, the privilege arguments that will be raised in the direct appeal following a trial will be identical to the arguments currently before this court. For this reason, I believe this court has the ability, at this time, to answer the issue raised on appeal: Did defense counsel's question regarding who referred appellant to his treating physician require appellant to disclose information that is protected by attorney-client privilege? Without additional information, we can determine whether the subject question addressed in the motion in limine requires a disclosure of fact or "seeks discovery of confidential communications constituting [his] attorney's advice regarding the lawsuit" as appellant suggests. Dismissal of this appeal merely delays review of this issue for another day.

{¶19} With that said, however, I am bound to follow the precedent of this court. Accordingly, I concur with the majority's dismissal.