EILEEN T. GALLAGHER, J., CONCURRING:
 

 {¶ 15} I concur with the majority's conclusion that the trial court's motion in limine ruling does not constitute a final determination on the issue of attorney-client privilege, and therefore, is not a final, appealable order. As referenced by the majority, this court has held that
 

 "the granting or denial of a motion in limine is a tentative, interlocutory, precautionary ruling reflecting the trial court's anticipatory treatment of an evidentiary issue which the trial court may change at trial when the disputed evidence appears in context."
 
 State v. Taylor
 
 , 8th Dist. Cuyahoga No. 83778,
 
 2004-Ohio-3115
 
 [
 
 2004 WL 1352837
 
 ], ¶ 6, citing
 
 State v. Grubb
 
 ,
 
 28 Ohio St.3d 199
 
 , 201,
 
 28 Ohio B. 285
 
 ,
 
 503 N.E.2d 142
 
 (1986). "A preliminary ruling has no effect until it is acted upon at trial" and, hence is not a final, appealable order.
 
 State v. Kulasa
 
 , 10th Dist. Franklin No. 11AP-826,
 
 2012-Ohio-6021
 
 [
 
 2012 WL 6648294
 
 ], ¶ 20.
 

 Liebe v. Admin.
 
 , 8th Dist. Cuyahoga No. 100230,
 
 2014-Ohio-1834
 
 ,
 
 2014 WL 1775905
 
 , ¶ 9.
 

 {¶ 16} However, I write separately to express my belief that there is no practical distinction made between an order compelling discovery of allegedly privileged information and a judgment denying a motion in limine that sought to preclude opposing counsel from eliciting allegedly privileged
 information.
 
 See
 

 Burnham v. Cleveland Clinic
 
 ,
 
 151 Ohio St.3d 356
 
 ,
 
 2016-Ohio-8000
 
 ,
 
 89 N.E.3d 536
 
 , ¶ 21 (finding that an order that compels "the production of privileged or protected materials certainly satisfies R.C. 2505.02(B)(4)(a) because it would be impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials."). In my view, both judgments ultimately lead to situations R.C. 2505.02(B)(4)(b) seeks to prevent.
 

 {¶ 17} In this case, the trial court's journal entry denying appellant's motion in limine clearly sets forth the court's position that the challenged question does not implicate the protections of attorney-client privilege, "as it is asking about a fact, not the details of a conversation between plaintiff and his attorney." Given the language used in the trial court's entry, I believe it would be disingenuous to suggest that the court's denial of appellant's motion in limine was not a final determination on the issue. Thus, once the challenged question is posed at trial, and counsel's objection on grounds of privilege is inevitably overruled, appellant is going to be compelled to provide an answer that may disclose information that is alleged to be protected by attorney-client privilege.
 

 {¶ 18} Practically, this gives me pause, particularly where, as here, the privilege arguments that will be raised in the direct appeal following a trial will be identical to the arguments currently before this court. For this reason, I believe this court has the ability, at this time, to answer the issue raised on appeal: Did defense counsel's question regarding who referred appellant to his treating physician require appellant to disclose information that is protected by attorney-client privilege? Without additional information, we can determine whether the subject question addressed in the motion in limine requires a disclosure of fact or "seeks discovery of confidential communications constituting [his] attorney's advice regarding the lawsuit" as appellant suggests. Dismissal of this appeal merely delays review of this issue for another day.
 

 {¶ 19} With that said, however, I am bound to follow the precedent of this court. Accordingly, I concur with the majority's dismissal.