[Cite as *N.E. Monarch Constr., Inc. v. Morganti Ent., Inc.*, 2022-Ohio-3551.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

N.E. MONARCH CONSTRUCTION,
INC.,                                                      :

        Plaintiff-Appellee,                     :

                                       No. 111236
        v.                                              :

MORGANTI ENTERPRISE, INC.
ET AL.,                                                    :

        Defendants-Appellants.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART
**RELEASED AND JOURNALIZED:** October 6, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-915833

---

### *Appearances:*

Law Offices at Pinecrest and David A. Corrado, *for appellee.*

Hanna Campbell & Powell LLP, Kenneth A. Calderone, R. Brian Borla, and Anne M. Markowski; Brouse McDowell LPA, James T. Dixon, and Teresa G. Santin, *for appellants.*

MARY J. BOYLE, J.:

{¶ 1} Defendants-appellants, Morganti Enterprise, Inc. and Alan Morganti (jointly, "Morganti Enterprise"), appeal the trial court's order compelling

production of documents to plaintiff-appellee, N.E. Monarch Construction, Inc. ("Monarch Construction"), that Morganti Enterprise claims are protected by attorney-client privilege. For the reasons that follow, we affirm in part and reverse in part.

## I.  Facts and Procedural History

{¶ 2}  The facts and procedural history of this case are provided in *N.E. Monarch Constr., Inc. v. Morganti Ent.*, 8th Dist. Cuyahoga No. 109845, 2021-Ohio-2438:

> Monarch Construction filed suit against Morganti Enterprise, a subcontractor, on two construction projects in two separate cases, alleging claims of breach of contract, negligence, and fraud, as well as seeking to pierce the corporate veil. The lawsuits were consolidated by the trial court and, on November 7, 2019, Monarch Construction submitted 55 interrogatories and 67 requests for production of documents to Morganti Enterprise. Within its discovery requests, Monarch Construction propounded the following discovery requests on Morganti Enterprise:
>
>> Interrogatory No. 13:  Identify any and all evidence within your possession and/or knowledge that supports each and every response and/or affirmative defense as contained in your First Amended Answer and each and every allegation in your Counterclaim.
>>
>> Request for Production of Documents No. 23:  Any and all Documents, notes, memos and/or correspondence between [Morganti Enterprise] and any other person and/or entity on any matter arising out of and/or connected to this Lawsuit.
>
> Morganti Enterprise responded in part to the discovery requests on February 3, 2020. On February 12, 2020, Monarch Construction filed a motion to compel and motion for sanctions asserting Morganti Enterprise provided inadequate responses and asserted baseless objections.  On February 25, 2020, Morganti Enterprise filed a combined motion to strike plaintiff's motion to compel and motion to stay briefing on motion to compel in which it alleged Monarch

Construction did not make reasonable attempts to obtain the discovery it sought to be compelled. On February 27, 2020, Monarch Construction responded, asserting it did make reasonable attempts to resolve discovery disputes. Morganti Enterprise filed a reply to Monarch Construction's brief. On March 16, 2020, after a pretrial conference was held, the trial court ordered the discovery motions to be held in abeyance. On June 3, 2020, the trial court held a pretrial conference and set a deadline of June 12, 2020, for Morganti Enterprise to file a responsive pleading to Monarch Construction's motion to compel discovery.

On June 12, 2020, Morganti Enterprise filed a brief in opposition to Monarch Construction's motion to compel discovery in which they indicated they served several supplemental discovery responses to Monarch Construction. As to interrogatory No. 13, Morganti Enterprise objected and asserted that the interrogatory sought information they need not supply as the interrogatory sought "attorney's work product and strategies" and facts regarding affirmative defenses. They further stated that they provided supplemental information as to request for production of documents No. 23 but objected to the request where it sought "information protected by the work product privilege."

On June 19, 2020, Monarch Construction replied to Morganti Enterprise's brief noting the response to interrogatory No. 13 was an objection upon attorney work product and defense strategies but argued that Morganti Enterprise only "responded to the affirmative defenses aspect of the interrogatory and ignored the counterclaim allegation and the answer responses aspect of the interrogatory." As to the request for production of documents No. 23, Monarch Construction noted that Morganti Enterprise asserted privilege but did not provide a privilege log and stated that "[o]nce a privilege log is produced then these documents can be produced to the Court for an in-camera inspection to see if a privilege truly applies."

On June 23, 2020, the trial court granted Monarch Construction's motion to compel in its entirety. The trial court denied all of Morganti Enterprise's objections to the interrogatories posed and ordered Morganti Enterprise to answer the interrogatories with specificity. The trial court also denied all Morganti Enterprise's objections to the request for production of documents and ordered Morganti to identify with specificity the documents by indicating the Bates stamp numbers that contain the response to each of the document production requests.

The trial court ordered submission of the discovery materials within 30 days.

On July 22, 2020, Morganti Enterprise filed a motion to stay proceedings at 11:16 a.m., a notice of appeal at 4:13 p.m., and a notice of service of their sixth response to discovery at 4:32 p.m. Within the notice of service of their sixth response to discovery, Morganti Enterprise iterated its objections as to interrogatory No. 13 and identified certain documents it supplied to Monarch Construction as being in support of its counterclaim. As to request for production of documents No. 23, Morganti Enterprise iterated its objection based on work product privilege and stated it did not produce certain documents that were withheld on the basis of work product or attorney client privilege, referencing an attached privilege log. After the appeal was filed, Monarch Construction filed a motion to dismiss, which was referred to this panel for consideration.

*Id.* at ¶ 2-7.

{¶ 3} Morganti Enterprise's sole assignment of error was that "[t]he trial court erred by granting [Monarch Construction's] motion to compel discovery of material that is privileged under the work product doctrine and attorney client privilege." *Id.* at ¶ 8. Specifically, Morganti Enterprise reiterated its objections to Monarch Construction's interrogatory No. 13 and request for production of documents No. 23 on the grounds that these discovery requests required production of privileged materials. *Id.* at ¶ 9.

{¶ 4} This court denied Monarch Construction's motion to dismiss the appeal because Morganti Enterprise could bring an interlocutory appeal of an order compelling production of privileged materials under R.C. 2505.02(B)(4)(a). However, we found that the trial court abused its discretion by summarily ordering Morganti Enterprise to produce the requested materials without first holding an in camera inspection to determine whether the two challenged discovery requests

sought privileged materials. *Id.* at ¶ 16. We remanded the matter to the trial court to hold an in camera review and make this determination. *Id.* at ¶ 17.

{¶ 5} Following our remand, the trial court ordered Morganti Enterprise to submit under seal hard copies of any documents responsive to Monarch Construction's interrogatory No. 13 and request for production of documents No. 23 and a privilege log specifically identifying any documents it claimed were privileged. On November 5, 2021, Morganti Enterprise filed a notice that it submitted the requested documents to the trial court for in camera review. On January 25, 2022, the trial court issued an in camera review journal entry ordering Morganti Enterprise to produce 25 emails, several with redactions identified by the trial court. On February 1, 2022, Morganti Enterprise filed a notice of document production of 7 of the 25 emails that the trial court had ordered it to produce, but reasserted that the remaining 18 emails were protected by the attorney-client privilege. That same day, Morganti Enterprise filed a notice of appeal.

{¶ 6} Morganti Enterprise appeals again, raising a single assignment of error for review:

> The trial court erred by ordering [Morganti Enterprise] to disclose communications protected by the attorney-client privilege.[1]

---

[1] At appellate oral argument in this case, Morganti Enterprise was notified that the record provided to this court did not contain the allegedly privileged documents. On August 16, 2022, Morganti Enterprise submitted the documents to this court under seal pursuant to our sua sponte order to complete the record. App.R. 9(E).

## II. Law and Analysis

{¶ 7} Morganti Enterprise argues that the trial court erred by ordering it to produce 18 emails that contain discussions between defense counsel and Alan Morganti, or employees of Morganti Enterprise, about the defense of the lawsuit. Morganti Enterprise alleges that these emails are protected by the attorney-client privilege.

{¶ 8} On appeal from an interlocutory order, such as an order compelling the production of privileged materials, the appellant must demonstrate that "the order determines the privilege issue and prevents a judgment in favor of the appellant regarding that issue," R.C. 2505.02(B)(4)(a), and that "the harm caused by the privilege-related discovery order cannot be meaningfully or effectively remedied by an appeal after final judgment," R.C. 2505.02(B)(4)(b). *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 20.

{¶ 9} An order compelling the production of materials allegedly protected by the attorney-client privilege satisfies R.C. 2505.02(B)(4)(a) "because it would be impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials." *Id.* at ¶ 21. The order also satisfies R.C. 2505.02(B)(4)(b) because the "[p]rejudice * * * inherent in violating the confidentiality guaranteed by the attorney-client privilege" would not be adequately remedied by an appeal after final judgment. *Id.* at ¶ 30. Therefore, any order compelling the production of materials allegedly protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4). *Id.*

{¶ 10} Generally, a discovery order is reviewed for an abuse of discretion. *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13, citing *Tracy v. Merrell Dow Pharmaceuticals, Inc.*, 58 Ohio St.3d 147, 151-152, 569 N.E.2d 875 (1991). However, when the discovery order resolves a claim that the information sought is confidential and privileged from disclosure, it is a question of law that must be reviewed de novo. *Id.*, citing *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.

{¶ 11} Civ.R. 26(B)(1) permits parties to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Any claim of attorney-client privilege that is not governed by R.C. 2317.02(A), which sets forth a testimonial privilege, is governed by the common law. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 24, citing *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 18. The common-law privilege is broader than the statutory privilege and "'protects against any dissemination of information obtained in the confidential attorney-client relationship.'" *Leslie* at ¶ 26, quoting *Amc v. Huffstutler*, 61 Ohio St.3d 343, 348, 575 N.E.2d 116 (1991).

{¶ 12} The attorney-client privilege arises

"'(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.'"

*State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 27, quoting *Leslie* at ¶ 21, quoting *Reed v. Baxter*, 134 F.3d 351, 355-356 (6th Cir.1998). The communication does not have to contain "'purely legal analysis or advice to be privileged,'" for "'if a communication between a lawyer and client would facilitate the rendition of legal services or advice, the communication is privileged.'" *Toledo Blade Co.* at ¶ 27, quoting *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir.1991).

{¶ 13} "'The [attorney-client] privilege applies when legal advice of any kind is sought from the legal advisor in that capacity and the client's confidential communication relates to that purpose.'" *Id*. at ¶ 28, quoting *Leslie* at ¶ 29. The privilege protects the attorney-client communication from disclosure; it does not prevent disclosure of the underlying facts. *Pales v. Fedor*, 2018-Ohio-2056, 113 N.E.3d 1019, ¶ 23 (8th Dist.), citing *Plogger v. Myers*, 2017-Ohio-8229, 100 N.E.3d 104, ¶ 9 (8th Dist.). "Communications made by corporate employees acting at direction of corporate superiors in order to secure legal advice for [the] corporation from corporate counsel are also protected by the attorney-client privilege." *Leslie* at ¶ 22, citing *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

{¶ 14} We note that the party asserting the privilege carries the burden of proving that it applies to the requested information. *Pales* at ¶ 22, citing *Lemley v. Kaiser*, 6 Ohio St.3d 258, 263-264, 452 N.E.2d 1304 (1983); *Waldmann v.*

*Waldmann*, 48 Ohio St.2d 176, 178, 358 N.E.2d 521 (1976); *In re Martin*, 141 Ohio St. 87, 103, 47 N.E.2d 388 (1943).

{¶ 15} Here, the trial court's in camera review journal entry refers to each of the 25 emails that it ordered Morganti Enterprise to produce by its identification number, its date and time stamp, and its sender and recipients. We will refer to each email by its ID number and, where necessary, distinguish a particular email from others within an email chain by referring to it by its date and time stamp. The 7 emails Morganti Enterprise produced in response to the trial court's order are designated by ID Nos. 79, 86, 89, 130, 151, 198, and 402 (date and time stamped April 21, 2020, at 10:20 a.m.). The 18 emails withheld by Morganti Enterprise are designated by the ID Nos. 55, 72, 85, 152, 170, 171, 204, 292, 308, 342, 381, 402 (date and time stamped April 16, 2020, at 2:51 p.m.), 431, 435, 442, 480, 506, and 566. Each of these emails includes correspondence between counsel for Morganti Enterprise and Alan Morganti, or an employee of Morganti Enterprise.

{¶ 16} Reviewing the emails designated by ID Nos. 55, 72, 85, 170, 171, 204, 342, 402 (date and time stamped Thursday, April 16, 2020, at 2:51 p.m.), 431, 435, 442, 480, and 566 in the context of their respective email chains, each of these emails contains comments from defense counsel to Morganti Enterprise about the status of the lawsuit or information written or produced by either Alan Morganti or an employee of Morganti Enterprise at the request of counsel so that counsel could render it legal advice. These are privileged attorney-client communications. *See*

*Toledo Blade Co.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, at ¶ 27; *Leslie*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, at ¶ 22.

{¶ 17} The emails designated by ID Nos. 292, 308, 381, and 506 include Alan Morganti's comments on the case, which he sent to his counsel for review and response. Specifically, the email designated by ID No. 292 contains Alan Morganti's comments on a draft email that his counsel planned to send to opposing counsel, additional information that could be added to the draft email, and Alan Morganti's thoughts about Morganti Enterprise's position in the case. Similarly, the email designated by ID No. 381 contains Alan Morganti's comments on claims made by Monarch Construction, as well as interlinear responses drafted by Morganti Enterprise's counsel. The trial court ordered the redaction of counsel's interlinear responses from the email designated by ID No. 381; however, the interlinear responses still indicate that Alan Morganti's unredacted comments were intended to obtain legal advice. Likewise, in the email designated by ID No. 308, Alan Morganti informs his counsel of a recent development in the case and his desired outcome. In the email designated by ID No. 506, Alan Morganti directly requests legal services from his counsel. We therefore find that the emails designated by ID Nos. 292, 308, 381, and 506 are privileged attorney-client communications.

{¶ 18} Unlike the individual emails discussed above, the trial court ordered Morganti Enterprise to produce the email designated by ID No. 152 in its entirety. This email includes a chain of emails between counsel for both parties concerning scheduling matters. Because these emails are between the parties' attorneys and not

between Morganti Enterprise and its attorney, they are not attorney-client communications. The only exception is the final email in this chain (date and time stamped July 8, 2020, 5:05 p.m.), which clearly contains legal advice sent by Morganti Enterprise's counsel to Alan Morganti concerning an appeal of the trial court's discovery order. The final email in this chain is protected by the attorney-client privilege.

{¶ 19} Based on our review of the 18 emails Morganti Enterprise withheld from document production, we find that Morganti Enterprise properly withheld the emails designated by ID Nos. 55, 72, 85, 152 (date and time stamped July 8, 2020, 5:05 p.m.), 170, 171, 204, 292, 308, 342, 381, 402 (date and time stamped Thursday, April 16, 2020, 2:51 p.m.), 431, 435, 442, 480, 506, and 566 as privileged attorney-client communications containing legal advice or information facilitating the rendition of legal advice. *Toledo Blade Co.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, at ¶ 27. However, excepting the email date and time stamped July 8, 2020, 5:05 p.m., Morganti Enterprise must produce the remaining emails contained in the email designated by ID No. 152 because they do not contain attorney-client communications.

{¶ 20} Morganti Enterprise's sole assignment of error is sustained in part and overruled in part.

### III. Conclusion

{¶ 21} Accordingly, we reverse the trial court's judgment compelling production of the emails designated by ID Nos. 55, 72, 85, 152 (date and time

stamped July 8, 2020, 5:05 p.m.), 170, 171, 204, 292, 308, 342, 381, 402 (date and time stamped Thursday, April 16, 2020, 2:51 p.m.), 431, 435, 442, 480, 506, and 566. We hold that these emails are protected by the attorney-client privilege. However, we affirm the trial court's judgment compelling production of the remaining emails contained in the email designated by ID No. 152.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR